UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff<br><br>v.<br><br>RONALD EDWARD TOWNSEND,<br><br>Defendant | CASE NO. 1:13-CR-145 AWI BAM<br><br>ORDER STRIKING FILING<br><br>(Doc. No. 32) |

On October 28, 2013, Defendant Robert Townsend ("Defendant") pled guilty to violation of 18 U.S.C. § 2252(a)(4)(B) pursuant to a plea bargain. See Doc. Nos. 21, 22, 23. On January 21, 2014, Defendant was sentenced to a term of imprisonment of 156 months. See Doc. No. 30.

On August 24, 2015, Noel Wedge filed documents in this Court related to Defendant. Mr. Wedge filed a power of attorney signed by Defendant, a notice of appeal, and a request for a certificate of probable cause (collectively "the Notice"). See Doc. No. 32. With the exception of the power of attorney, the Notice documents are on state court forms and were also filed in the Fresno County Superior Court. See id. Defendant has signed the notice of appeal and also the request for certificate of probable cause. See id. Of note, although the Notice is signed by Defendant, the Notice lists Defendant's mailing address as "Noel Wedge (POA)", and then lists a California address. See id. However, other documents within the Notice indicate that Defendant is currently incarcerated in Big Spring, Texas. See id.

There are serious concerns raised by the Notice. First, it is unclear what the Notice is intended to do. Based on statements within the Notice, the Notice may be an attempt to challenge Defendant's federal conviction through 28 U.S.C. § 2255. For example, the notice includes allegations of prosecutorial misconduct and a violation of *Brady v. Maryland* during the plea bargain process. See Doc. No. 32. Nevertheless, there is little elaboration, and the allegations are conclusory. Cf. Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1983) (holding that a § 2255 petitioner must do more than make conclusory allegations). Or, because the Notice is largely on state court forms, it may be an attempt to invoke the jurisdiction of a state appellate tribunal. However, this Court is a federal court, it is not a state tribunal of any kind. Or, the Notice may be an attempt to file an appeal with the Ninth Circuit Court of Appeals. It is simply unknown what the Notice actually is or what it is actually attempting to accomplish.

Second, by Defendant signing a document that lists his mailing address as Noel Wedge (POA), including a signed power of attorney, and submission of the Notice by Mr. Wedge, it appears that Mr. Wedge is attempting to litigate on behalf of Defendant. However, Mr. Wedge does not have standing to litigate in this Court on behalf of Defendant. This is so because there is no indication that Mr. Wedge is a licensed attorney. "While a non-attorney may appear pro se on his own behalf, 'he has no authority to appear as an attorney for others than himself.'" Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)). The power of attorney filed by Mr. Wedge and apparently signed by Defendant does not change the rule that a non-attorney cannot represent another person as counsel in federal court. See Johns, 114 F.3d at 876 (non-attorney could not assert claims on behalf of another despite power of attorney); Malinay v. Nishimura, 2013 U.S. Dist. Lexis 115008, *2-*5 (D. Haw. Aug. 14, 2013) (same); Ryan v. Hyden, 2012 U.S. Dist. LEXIS 145488, 12-13 (S.D. Cal. Oct. 9, 2012) (same); Kakuda v. Arizona, 2012 U.S. Dist. LEXIS 41406, *1-*2 (D. Ariz. Mar. 27, 2012) (same).

Given these considerations, the Court will strike the Notice. If it is Defendant's intention to pursue post-conviction remedies in this Court, he may do so.[1] However, Defendant must

---

[1] The Court expresses no opinion as to the merits of any post-conviction remedies that Defendant may wish to pursue.

explain what post-conviction remedy he is pursuing, and he must litigate those remedies himself or through a licensed attorney.  Defendant may not litigate any post-conviction remedies through non-attorneys acting on his behalf.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Document No. 32 is STRICKEN;

2. The Clerk shall serve this order on:

    a. Ronald Townsend

       Big Springs FCI Prison

       1900 Simler Ave.,

       Big Springs, Texas  79720

    b. Noel Wedge

       26592 Farrell St.

       Sun City, CA  92586

IT IS SO ORDERED.

Dated:   August 29, 2015

SENIOR  DISTRICT  JUDGE